In re Patrick CARINGI and Maxine Caringi, t/d/b/a Swiss Chalet, Debtors.

**WILLIAMSPORT NATIONAL BANK, Plaintiff,**

v.

**Patrick CARINGI and Maxine Caringi, Defendants.**

Bankruptcy No. 5–80–00248.
Adv. No. 5–80–0210.

United States Bankruptcy Court,
M. D. Pennsylvania.

April 2, 1982.

Ann S. Pepperman, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for plaintiff.

Anthony D. Miele, Williamsport, Pa., for debtors.

## MEMORANDUM AND ORDER MODIFYING AUTOMATIC STAY

THOMAS WOOD, Bankruptcy Judge.

This is a Chapter 11 proceeding. A secured creditor, Williamsport National Bank (Bank), seeks relief from the automatic stay of section 362 of the Bankruptcy Code so that it may foreclose its mortgage against real estate of the debtors.

### FINDINGS OF FACT

1. The Bank loaned $270,000 to the Debtors in February of 1977. The interest rate was 9½% and monthly payments in the amount of $3,021 were required. The mortgage term was 13 years. Residential property and separate commercial property of the Debtors were mortgaged to secure loan payments. Default occurred in June of 1977. Foreclosure proceedings were filed in August of 1979.

2. The Debtors' Chapter 11 petition was filed May 13, 1980, and a Chapter 11 plan was filed December 5, 1980. A disclosure statement was filed July 7, 1981, but it has not been approved. A hearing on the statement scheduled July 31, 1981, was continued for a reason which does not appear of record. The Debtors have failed to file monthly reports as required by the Court's debtor-in-possession order of June 4, 1980.

3. This adversary proceeding was commenced December 5, 1980. Various continuances were allowed. Trial was held January 29, 1982.

4. As of January 29, 1982, the amount due on the mortgage loan, including interest and principal, was $419,946.22. Interest is accruing at the rate of $2,258.31 per month.

5. The Bank has been obliged to provide property insurance costing $13,722 as of the time of trial.

6. The Debtors have continued to operate the business established on their commercial property, but it has not been profitable. They have made unsuccessful efforts to sell the business property and to refinance their business venture but there is no substantial prospect of either sale or refinancing. No evidence was offered as to the prospect of an effective reorganization. Nor was there evidence that there has been a positive and persistent effort to effect reorganization.

7. The residential real estate has a value of approximately $165,490. The separate commercial property has a value of approximately $364,450.

### DISCUSSION

In light of the evident equity of the Debtors in their real estate, the Plaintiff cannot obtain relief under Code section 362(d)(2). It must depend on subsection (d)(1). This requires proof that there is "cause, including the lack of adequate protection of an interest in property ...." for relief to be granted.

We find that the following circumstances and conditions adversely and increasingly affect the interest of the Bank to such an extent that the stay of its foreclosure proceeding should be relieved:

(1) A continuing default beginning nearly five years ago.

(2) Evident failure or inability on the part of the debtors to pursue effectively the rehabilitative remedies of Chapter 11.

(3) Monthly erosion of equity due to the accumulation of interest at the rate of $2,258.00 per month.

(4) Evident unprofitability of the Debtors' commercial venture.

(5) Physical depreciation of the residential and commercial structures.

(6) Continuous inattention on the part of the Debtors to the requirements of

the Court's Order relating to their status as debtors-in-possession.

(7) Failure and/or inability of the Debtors to insure their properties as contractually required.

(8) Non-contractual restraint of the productive investment of the Bank's capital at a time when investment income could be double that provided in the loan obligation of the Debtors.

We see no justification in the Code for an indeterminate restraint against the enforcement of rights which ripened in 1977. A reasonable respite is clearly within the legislative intent, but there must be a reasonable prospect for reorganization to justify a continuance of the stay. *In re Antilles Yachting, Inc.*, 4 B.R. 470, 472 (Bkrtcy. Virgin Islands, 1980). Here we find no reasonable prospect for reorganization. As observed in *Antilles, supra*, the purpose of a Chapter 11 proceeding is reorganization, not the establishment of a semi-permanent refuge.

There are no strict determinants governing either the leeway to be allowed debtors or protections to be afforded to creditors in all the myriad situations which confront the Courts in section 362 proceedings. Legislative history relating to the adequate protection concept reflects the intent of Congress to give the Courts the flexibility to fashion relief in light of the facts of the case and general equitable principles. *In re Five-Leaf Clover Corporation*, 6 B.R. 463, 466 (Bkrtcy.S.D.W.Va.1980). There is no basis upon which to support indefinitely a restraint that has been notably unproductive in a situation as to which there is little or no likelihood of a meaningful positive change.

### CONCLUSION OF LAW

The Williamsport National Bank is entitled to a release of the automatic stay of Bankruptcy Code section 362.

### ORDER

AND NOW, April 2, 1982, the automatic stay of foreclosure proceedings against the real estate of the Debtors is hereby lifted to enable the Williamsport National Bank to pursue said proceedings.